UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LEILA GOLDMAN, | Case No. _____ |
| | District Judge _____ |
| Plaintiff, | Magistrate Judge _____ |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, | Removed from: |
| As Trustee, of Harborview 2005-13 Trust Fund, | Oakland County Circuit Court |
| | Case No. 11-120299-CH |
| Defendant. | Hon. Michael Warren |

_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, the above-captioned action, which is currently pending in the Oakland County Circuit Court (the "State Court") for the State of Michigan, is hereby removed by Defendant U.S. Bank National Association ("Defendant"), as Trustee, of Harborview 2005-13 Trust Fund, to the United States District Court for the Eastern District of Michigan, Southern Division, by the filing of this notice of removal. As grounds for removal, Defendant states as follows:

1. On July 12, 2011, Plaintiff Leila Goldman ("Plaintiff") commenced an action in the State Court captioned *Leila Goldman v. U.S. Bank National Association, as Trustee, of Harborview 2005-13 Trust Fund,* Case No. 2011-120299-CH (the "State Court Action").

2. In the State Court Action, Plaintiff attempts to assert state law and federal law claims against Defendant based upon alleged conduct with respect to the foreclosure upon her property.

3. Defendant first received a copy of the complaint, the initial pleading setting forth Plaintiff's claim for relief, on October 5, 2011.

4. Defendant filed this notice of removal with the Court on November 4, 2011, which is within 30 days after receipt of the initial pleading setting forth Plaintiff's claim for relief. Therefore, removal is timely under 28 U.S.C. § 1446(b).

1150049 v1/11225.0137

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served on Defendant in the State Court Action are attached as **Exhibit A**.

6. A copy of the written notice to Plaintiff's counsel and to the Oakland County Clerk, required by 28 U.S.C. § 1446(d), is attached as **Exhibit B** and will be filed in the State Court Action and served on Plaintiff's counsel upon the filing of this notice of removal.

7. This action is removable pursuant to 28 U.S.C. § 1441, because it is within the United States District Court's original jurisdiction under 28 U.S.C. § 1331, because the complaint purports to assert federal law claims against Defendant arising under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq.* (Compl. at ¶¶ 36-46.)

8. Pursuant to 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant, because such claims are so related to Plaintiff's federal law claims that they form part of the same case or controversy.

9. Claims within an action are part of the same case or controversy if they "derive from a common nucleus of operative facts." *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 350 (6th Cir. 2004). A plaintiff's claims derive from a common nucleus of operative facts if the claims are such that he would "ordinarily be expected to try them all in one judicial proceeding." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988).

10. In this case, Plaintiff's alleged federal law claims and state law claims all arise from Defendant's alleged conduct relating to a mortgage foreclosure. As such, one would ordinarily expect that all claims relating to a mortgage foreclosure upon Plaintiff's property would be tried together. Therefore, the Court may exercise supplemental jurisdiction over Plaintiff's state law claims.

11. Alternatively, even if Plaintiff's federal law claims were deemed separate from and independent of Plaintiff's state law claims, the entire case may be removed and the Court may determine all of Plaintiff's claims, pursuant to 28 U.S.C. § 1441(c).

1150049 v1/11225.0137

12. This action also is removable pursuant to 28 U.S.C. § 1441, because it is within the United States District Court's original jurisdiction under 28 U.S.C § 1332(a), because the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees, as set forth below.

13. Diversity of citizenship exists between Plaintiff and Defendant, as required under 28 U.S.C § 1332(a), because the parties are citizens of different states as described below:

   a. <u>Plaintiff</u>. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Plaintiff alleged that she is a resident of Oakland County, Michigan. (Compl. at ¶ 1.) Plaintiff did not allege that she has any intention of leaving Michigan. Therefore, Plaintiff is a citizen of Michigan.

   b. <u>Defendant</u>. Defendant is a national banking association. For purposes of diversity jurisdiction, a national banking association is deemed to be a citizen of the state in which it is located. *See*, 28 U.S.C. § 1348. A national banking association is "located" in the "State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). According to its articles of association, Defendant's main office is located in Cincinnati, Ohio. Therefore, Defendant is citizen of Ohio.

   c. Therefore, complete diversity exists between Plaintiff, as a citizen of Michigan, and Defendant, as a citizen of Ohio.

1150049 v1/11225.0137

14. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys fees, as required under 28 U.S.C. § 1332(a):

   a. In Count III of the complaint, Plaintiff seeks damages equal to the current fair market value of the mortgaged property, for slander of title. (Compl. at 6.) The Court may take judicial notice that the current assessed value, or state equalized value, of the mortgaged property is $101,730.00. *See*, Residential Property Profile, **Exhibit C** (obtained by subscription through the Oakland County government website at www.oakgov.com/propertygateway/ ). The state equalized value is equivalent to one-half of the true cash value of the mortgaged property. *See*, MCL 211.27a. Therefore, it appears that Plaintiff seeks damages in the amount of at least $203,460.00.

   b. In Count IV of the complaint, Plaintiff also seeks damages in the aggregate amount of $1,125,000.00, for violation of the FDCPA. (Compl. at 7.)

   c. In addition to requested money damages, Plaintiff seeks injunctive and declaratory relief, to enjoin Defendant from exercising its right to foreclose the subject mortgage by advertisement.

   d. When a plaintiff seeks specific performance, declaratory relief, or injunctive relief, the amount in controversy is measured by "the value of the object that is the subject matter of the action." *Lorimer ex rel. Estate of Lorimer v. Berrelez*, 331 F. Supp. 2d 585, 591 (E.D. Mich. 2004)(citations omitted). S*ee also, Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002)(citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977))(holding that, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Nordica S.P.A. v. Icon*

4

       *Health & Fitness, Inc.*, No. 06-cv-451-PB, 2009 WL 2462570 (D. N.H. Aug. 11, 2009)(Barbadoro, J.) at *6, n. 4 (citing *Lee Sch. Lofts, L.L.C. v. Amtax Holdings 106 L.L.C.*, No. 3:08cv427, 2008 WL 4936479 (E.D. Va. Oct. 29, 2008) at *3) (observing that, "[w]hen specific performance is the desired remedy, the amount in controversy requirement is satisfied if 'either the "direct pecuniary value" of the right the plaintiff seeks to enforce . . . or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000'"); *Neely v. Consol Inc.*, 25 Fed. Appx. 394, 400 (6th Cir. 2002)(holding that the amount in controversy was equal to amount of lease).  In this case, were the Court to grant the injunctive or declaratory relief sought by Plaintiff, Defendant would be deprived of the mortgaged property and, therefore, the cost to Defendant would be the value of the mortgage property.

    e.    Defendant denies Plaintiff's allegations of wrongful conduct and denies that Plaintiff is entitled to any relief against Defendant.  However, as set forth above, it appears from Plaintiff's allegations that the amount in controversy exceeds the sum or value of $75,000.00.

15.    Moreover, venue is proper in this Court pursuant to 28 U.S.C. § 1446(b), because the United States District Court for the Eastern District of Michigan, Southern Division, geographically embraces the State Court, in which Plaintiff filed the State Court Action.

16.    Based on the foregoing, Defendant is entitled to remove this action to this Court under 28 U.S.C. § 1441, *et seq.*

WHEREFORE, Defendant hereby removes the State Court Action from the State Court to the United States District Court for the Eastern District of Michigan, Southern Division, and requests that the Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State Court.

1150049 v1/11225.0137

                                        Respectfully submitted,

                                        MADDIN, HAUSER, WARTELL, ROTH & HELLER, P.C.

                                        <u>/s/ David G. Michael</u>
                                        Martin S. Frenkel (P49283)
                                        David G. Michael (P68508)
                                        28400 Northwestern Highway, Third Floor
                                        Southfield, MI  48034
                                        (248) 354-4030
                                        dgm@maddinhauser.com
                                        Attorneys for U.S. Bank National Association, as Trustee,
Dated:  November 4, 2011            of Harborview 2005-13 Trust Fund

## CERTIFICATE OF SERVICE

I hereby certify that, on November 4, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and that I served the paper by first class mail, United States Postal Service, on the following person:

Jack B. Wolfe
Wolfe Law Group, PLLC
24901 Northwestern Highway, Suite 212
Southfield, MI  48075

                Respectfully submitted,

                MADDIN, HAUSER, WARTELL, ROTH & HELLER, P.C.

                <u>/s/ David G. Michael</u>
                Martin S. Frenkel (P49283)
                David G. Michael (P68508)
                28400 Northwestern Highway, Third Floor
                Southfield, MI  48034
                (248) 354-4030
                dgm@maddinhauser.com
                Attorneys for U.S. Bank National Association, as Trustee,
Dated:  November 4, 2011      of Harborview 2005-13 Trust Fund

1150049 v1/11225.0137